UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br><br>- against -<br><br><br>136 NINTH AVENUE CORP. and VIRCAN GROUP, LLC d/b/a SALINAS,<br><br>Defendants | **COMPLAINT**<br><br><br>16 Civ. 4175<br><br><br><br><br>**JURY DEMAND** |

Plaintiff Edwin Zayas complaining through his attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendants**:**

## NATURE OF THE CASE

1.      In violation of well-settled, two-decade old law, Defendants have chosen not to remove a variety of unlawful architectural barriers. Instead, defendants have chosen to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendants' public accommodation.

2.      Plaintiff files this action for himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

3.      Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

1

## VENUE AND JURISDICTION

4.    That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, NY.

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.    The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8.    Defendant **136 Ninth Avenue Corp.,** is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

9.    Defendant **136 Ninth Avenue Corp.,** is the owner of the commercial property which houses a public accommodation named Salinas located at 136 Ninth Avenue, New York, New York, 10011.  The company's actual place of business is located at 67 Appert Terrace, Mahwah, New Jersey, 07430.

10.    Defendant **Vircan Group, LLC** is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County. Defendant **Vircan Group, LLC** d does business under the assumed name Salinas. This company's actual place of business is located at 136 9th Ave., New York, NY.

2

11.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## CLASS ACTION

12.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of the ADA, New York City Human Rights Law and New York State Human Rights Law.

13.     Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

15.     The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

16.     It is unlawful for a private entity which owns, leases to or operates a place of public

3

accommodations to discriminate against an individual with a disability.

17.     The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

18.     Defendants are required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

19.     Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Law, and New York City Administrative Code.

20.     The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

21.     The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

22.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law and New York State Human Rights Law.

### FACTUAL BACKGROUND

23.     Plaintiff is paralyzed and cannot walk. As a result he uses a wheelchair for mobility.

24.     Defendant **136 Ninth Avenue Corp.** owns or leases the commercial property which houses the public accommodation located at 136 Ninth Avenue, New York, New York, 10011 (hereinafter 'facility').

4

25.     Defendant **Vircan Group, LLC** owns or operates a public accommodation located at the facility named Salinas.

26.     Throughout 2015 and part of 2016, Plaintiff attempted to enter and use Defendants' public accommodation. However, because there exists an unlawful architectural barrier, he was unable.

27.     Plaintiff resides less than 1/10 of a mile from Defendant's public accommodation and is frequently near Defendant's facility.

28.     Plaintiff is deterred from visiting Defendants' noncompliant accommodation because of the existing accessibility barriers.

29.     Plaintiff has the intention to return to Defendants' public accommodation once it becomes readily accessible to and usable.

30.     After being denied service and access, Plaintiff sent Defendants a letter describing his experience and explaining the architectural barriers.

31.     The removal of existing architectural barriers is readily achievable.

32.     To date, Defendants have failed to remove the architectural barriers.

## PLAINTIFF's FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

33.     Defendants' facility located at 136 Ninth Avenue, New York, New York, 10011, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

34.     Defendants have failed to make adequate accommodations and modifications to its facility located at 136 Ninth Avenue, New York, New York, 10011.

35.     Defendants have failed to remove all architectural barriers that are structural in

violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

36.     There exists readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

37.     Defendants failed to make the necessary readily achievable modifications to its public accommodation.

38.     Upon information and belief, since 1992, Defendants facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

39.     It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

40.     Defendants failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

41.     It is not structurally impracticable for Defendants' facility to be accessible.

42.     Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

43.     Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

44.     Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

a.      Defendants do not provide at least one accessible route within the site from the public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2 .1.

b.      Defendants do not provide an accessible means of egress in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 207.1.

c.    Defendants provide insufficient maneuvering clearance perpendicular to its entrance in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 404.

d.    Defendants do not provide an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e) and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 402.

e.    The walkway to enter Defendants' public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303, 403.

f.    Upon information and belief, Defendants do not provide sufficient turning radius, maneuvering clearance, and accessible route to enter its public use bathrooms in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 304, 305 and 402.

g.    Upon information and belief, Defendants bathrooms are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.

h.    Upon information and belief, Defendants lavatories and sinks are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606.

45.    Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

46.    Defendants have subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

47.    Defendants have afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

48.     Defendants have provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

49.     Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

50.     Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

51.     Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

52.     Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

53.     Defendants should have achieved accessibility by January 26, 1992.

54.     The barriers to access Defendants' facility continue to exist.

55.     Reasonable accommodations exists which do not impose an undue hardship on the

operation of the Defendants' program or activity.

56.     Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

**PLAINTIFF's SECOND CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**

57.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

58.     Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

59.     Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

60.     Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

61.     Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

62.     Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

63.     Defendants discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

64.     As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

## PLAINTIFF's THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

65.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

66.     On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

67.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

68.     Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

69.     Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))

70.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

71.     In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

72.     In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

73.     In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

74.     In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly

10

situated, is unwelcome, objectionable, and not acceptable.

75.      Pursuant to New York City Human Rights Law § 8-502, notice of this action has been

served upon New York City's Commission on Human Rights.

76.      As a direct and proximate result of Defendants disability discrimination in violation

of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer

mental anguish and emotional distress, including but not limited to depression, humiliation,

stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain

and suffering.

### PLAINTIFF'S FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

77.      Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

78.      Reasonable accommodations and modifications are necessary to enable Plaintiff and all

others similarly situated the ability to enjoy the non-restricted access and use of the public

accommodation in question.

79.      Defendants failed to provide Plaintiff reasonable accommodations and modifications

in violation of NYC Human Rights Law 8-107(15).

80.      In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-

107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

81.      In violation of New York City Admin. Code, Defendants have unlawfully discriminated

against Plaintiff and all others similarly situated.

82.      Reasonable accommodations and modifications are necessary to enable Plaintiff and all

others similarly situated the ability to enjoy the non-restricted access and use of the public

accommodation in question.

83.     In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

84.     In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

85.     As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

**PLAINTIFF'S SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

86.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

87.     Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A.  Certify this case as a class action;

B.  Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring
    Defendants to alter its facility making such facility readily accessible to and usable to

12

individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination in violation of New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA.

C.  Enter declaratory judgment, specifying Defendants ADA and New York state law violations and declaring the rights of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiff compensatory damages in the amount of $5,000 from each Defendant for their violation of New York State Human Rights Law.

H.  Award Plaintiff compensatory damages in the amount of $5000 from each Defendant for their violation of New York City Human Rights Law.

I.  Award plaintiff punitive damages in the amount to be determined by the jury from each defendant for its violations of New York City Human Rights Law.

J.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

K.  For such other and further relief, at law or in equity, to which the Plaintiff and other

persons similarly situated may be justly entitled.


Dated this June 5, 2016

X_____

JAMES E. BAHAMONDE, ESQ.
(JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff
2501 Jody Court
North Bellmore, NY 11710
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com
Our File No.: 15SDNY073

Pursuant to 22 NYC RR 130-1.1, the undersigned, an attorney admitted to practice in the State of New York, certifies that, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a.